UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBBY LYNN DAVIDSON )  Petitioner, ) ) | | |
| v. ) ) | No. 2:07-0047 | |
| | Judge Echols/Knowles | |
| JIM MORROW, WARDEN ) Respondent. ) | | |

To: Honorable Robert L. Echols, Senior District Judge

### **R E P O R T   A N D   R E C O M M E N D A T I O N**

By an order (Docket Entry No. 22) entered April 9, 2008, the Court referred this action to the Magistrate Judge "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.J.".

Pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 17) the instant habeas corpus action, to which the petitioner has offered no opposition. The undersigned has carefully reviewed the pleadings and the record in this case and respectfully recommends, for the reasons stated below, that the respondent's Motion be GRANTED and that this action should be DISMISSED.

### **I. BACKGROUND**

The petitioner, proceeding *pro se*, is an inmate at the Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jim Morrow, Warden of the prison, seeking a writ of habeas corpus.

1

In October, 1996, a jury in Pickett County found the petitioner guilty of two counts of second degree murder. For these crimes, he received consecutive sentences of twenty-five (25) years in prison, giving the petitioner an aggregate sentence of fifty (50) years. Docket Entry No. 21; Addendum No. 1 at pgs. 217-218. On direct appeal, the Tennessee Court of Criminal Appeals affirmed both the convictions and the sentences. Docket Entry No. 21; Addendum No. 16. The Tennessee Supreme Court later denied petitioner's Rule 11 application for further review. *Id*.

The petitioner then filed a *pro se* petition for state post-conviction relief in the Criminal Court of Pickett County. Counsel was appointed and the post-conviction petition was amended. Docket Entry No. 21; Addendum No. 20 at pgs. 42-139. Following an evidentiary hearing, the trial judge denied the post-conviction petition. Docket Entry No. 21; Addendum No. 20 at pgs. 208-209. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 21; Addendum No. 32. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. *Id*.

## II. PROCEDURAL HISTORY

On June 4, 2007, the petitioner initiated this action with the *pro se* filing of a habeas corpus petition (Docket Entry No. 1).[1] While the petition sets forth five claims for relief, two additional grounds are raised in petitioner's "Brief in Support for Writ of Habeas Corpus." Docket Entry No. 2. The seven claims are as follows :

    (1)    the evidence was not sufficient to support the convictions;

---

[1] The petition was actually stamped as filed on July 30, 2007. However, a pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner signed his petition and placed it in the prison postal system on June 4, 2007. *See* Docket Entry No. 1 at pg. 15. Accordingly, that is considered to be the date this pleading was filed.

2

(2) the petitioner was denied a fair and impartial trial because
    a) state law was not strictly followed in selecting the jury venire,
    b) the trial judge refused to grant the petitioner a change of venue,
    c) the petitioner was denied the opportunity to individually voir dire prospective jurors,
    d) members of the jury pool who expressed doubts about being fair and impartial were allowed on the jury, and
    e) the prosecution was allowed an additional four peremptory challenges;

(3) the trial judge erroneously allowed the admission of a witness' (Cosby Davidson) prior testimony;

(4) the trial judge wrongly allowed the admission of the hearsay statements of a witness (Ricky Davidson);

(5) it was error to run the petitioner's sentences consecutively;

(6) the prosecutor was guilty of misconduct when he
    a) withheld the results of a ballistics test run on shell casings recovered from the scene, and
    b) made improper remarks during closing argument;

(7) both trial and appellate counsel were ineffective for "not raising or preserving the disclosure of the Lab/Ballistic examination results from the tests conducted on the shell casing relating to the petitioner's case."[2] Docket Entry No. 1; Docket Entry No. 2 (footnote added).

Upon preliminary review of the petition, it was determined that the petitioner's claims were not facially frivolous. Accordingly, an order (Docket Entry No. 10) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254

---

[2] At trial, the petitioner was represented by John Little, an attorney from Livingston, Tennessee. On direct appeal, he was represented by Jerred Creasy, a lawyer from Nashville.

3

Cases.

Pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 17) the petition. Having reviewed the petition, the respondent's Motion and the record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(An evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief.).

### III. ANALYSIS OF THE CLAIMS

**A.) Non-Cognizable Claims**

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984). Because federal habeas corpus relief is only available to remedy errors of a federal nature, a claim that a conviction is the result of a state court's misapplication of state law is not cognizable unless the petitioner can establish that the error deprived him of a fundamentally fair trial. Lewis v. Jeffers, 497 U.S. 764 (1990).

In this regard, the petitioner has asserted two evidentiary claims (Claim Nos. 3 and 4) and a sentencing claim (Claim No. 5) which were raised in the state courts solely as misapplications of state law. Docket Entry No. 21; Addendum No. 14 at pgs. 10-21. The petitioner has also raised these claims here as misapplications of state rather than federal law. Docket Entry No. 2 at pgs. 12-15. Petitioner's evidentiary and sentencing claims in no way suggest a violation of the Constitution or laws of the United States; nor has the petitioner suggested that the state courts' erroneous rulings with respect to these claims deprived him of a fundamentally fair trial. Therefore, petitioner's evidentiary and sentencing claims are not actionable and are subject to dismissal. Stanford v. Parker,

4

266 F.3d 442, 451 (6th Cir. 2001).

**B.) Procedural Default**

A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982).

Once the petitioner's federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990). In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 330 F.3d 398 (6th Cir. 2003).

According to the record, three of the petitioner's claims were not properly exhausted in the state courts. The petitioner never raised the ineffective assistance claim (Claim No. 7) he now asserts in a state appellate court. *See* Docket Entry No. 21; Addendum No. 14, Addendum No. 30 at pgs. 10-16. Nor was his prosecutorial misconduct claim related to the results of a ballistics test (Claim No. 6a) ever presented to a state appellate court.[3] Docket Entry No. 21; Addendum No. 14,

---

[3] These particular claims were probably abandoned on appeal because the petitioner apparently conceded at his post-conviction evidentiary hearing that the ballistics report in question was not exculpatory in nature. Docket Entry No. 21; Addendum No. 21 at pgs. 104-105.

Addendum No. 30 at pgs. 16-23.

As discussed above, to properly satisfy the exhaustion requirement in Tennessee, a claim must be fairly presented to the Tennessee Court of Criminal Appeals. In the case of these claims, the petitioner has failed to do so. At this late date, however, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) (one year limitation period on the filing of a post-conviction petition). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The petitioner has also alleged that the prosecutor made improper remarks during closing argument (Claim No. 6b). This claim was raised during the course of the petitioner's state post-conviction proceedings. However, the post-conviction courts refused to address the merits of the claim, finding that the petitioner had waived this issue by not raising it on direct appeal. Docket Entry No. 21; Addendum No. 32 at pg. 7. Consequently, the petitioner has exhausted his state court remedies for this claim as well by way of procedural default.

To prevent a habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional claims forfeits the right to have those claims reviewed in a habeas corpus proceeding, absent a showing of cause for non-compliance *and* some showing of prejudice arising from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982).

The petitioner alleges that cause for procedurally defaulting his ineffective assistance (Claim

6

No. 7) and prosecutorial misconduct (Claim No. 6a) claims is based upon "the state's concealment of the Brady evidence." Docket Entry No. 2 at pgs. 18-19. While this might explain why those claims could not be raised on direct appeal, it does not explain why the petitioner failed to raise them on appeal from the denial of post-conviction relief. Moreover, there has been no showing of prejudice sufficient to excuse a procedural default. Consequently, the petitioner has forfeited his right to federal review of his ineffective assistance (Claim No. 7) and prosecutorial misconduct claims (Claim Nos. 6a and 6b) due to his unexcused procedural default.

**C.) Fully Exhausted Claims**

On direct appeal, the petitioner fully exhausted his claims challenging the sufficiency of the evidence (Claim No. 1) and the denial of a fair and impartial trial (Claim No. 2). When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405 (2000). In order to obtain the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. *Id.*, at 407-08. In short, state court judgments must be upheld unless, after the closest examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.*, at

7

389.

The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.*, at 319.

The jury heard testimony that "The defendant was with the victims the last time either was known to be alive. Cosby, the defendant's father, testified that he heard two shots and saw the defendant with the bodies. Ricky, the defendant's nephew, testified that Cosby told Billy about the shooting. The bodies were positioned such that one could drive the vehicle with the bodies, consistent with the theory that the victims were slain at the farm and driven to their location site. Although the remains were greatly damaged by the fire, evidence was provided consistent with Hill's demise from a gunshot." Docket Entry No. 21; Addendum No. 16 at pg. 4.

The evidence against the petitioner was circumstantial. However, circumstantial evidence alone may be sufficient to sustain a criminal conviction. York v. Tate, 858 F.2d 322 (6th Cir. 1988). Here, there was sufficient evidence offered for a reasonable juror to find that the petitioner had killed the two victims. Therefore, the petitioner's sufficiency of the evidence claim has no merit.

The petitioner has also alleged, under several different theories, that he was denied a fair and impartial trial. First, he claims that state law was not strictly followed during the selection of the jury pool (Claim No. 2a). More specifically, he complains that the commissioner who drew the names of the potential jurors was not blindfolded as required by state law. *See* Tenn. Code Ann. § 22-2-

304(a)(1). The state courts found no merit in this claim because the petitioner was unable to establish that this deviation from the statute was in any way due to fraud or led to some prejudice to the defense. This finding by the state courts is not contrary to federal law. Consequently, this issue is without merit.

This case apparently generated a great deal of publicity in Pickett County. For that reason, the petitioner argues that the trial judge should have found that it was impossible to impanel a fair and unbiased jury (Claim Nos. 2c-d) and granted his motion for a change of venue (Claim No. 2b).

A citizen's right to a jury trial guarantees that a criminal defendant will receive a fair trial by a panel of impartial jurors. This does not mean, however, that jurors must be totally ignorant of the facts and issues involved in a case in order to be deemed impartial. Irvin v. Dowd, 81 S.Ct. 1639, 1642-1643 (1961). The mere exposure to publicity is not sufficient, standing alone, to give rise to a presumption that the defendant will be deprived of his right to be tried by fair and impartial jurors. Dobbert v. Florida, 432 U.S. 282 (1977). Rather, the petitioner bears the burden of showing that a juror was unable to set aside any preconceived notions or opinions and render a verdict based solely upon the evidence presented in court. Irvin, supra at 81 S.Ct. 1643.

The petitioner specifically identified three jurors that he believed would not be impartial.[4] The trial judge questioned all three of these jurors. Each juror stated that he could render a verdict based solely upon the evidence. The petitioner has not shown that any of these jurors did otherwise.

---

[4] In his direct appeal, petitioner identified these three jurors as Chris Crabtree, Jackie Jones and Steven Bilbery, and the Court of Criminal Appeals denied his claims regarding these three jurors. Docket Entry No. 21; Addendum No. 16 at pg. 6. In his "Brief in Support for Writ of Habeas Corpus," petitioner identified these three jurors as Chris Crabtree, "Mr. Reagan," and Ms. Dale Ford. Docket No. 2, p. 11-12. Petitioner has failed to exhaust his state remedies with regard to jurors Reagan and Ford. Thus, his claims with regard to jurors Reagan and Ford are procedurally defaulted, but he has shown no cause and prejudice concerning these claims.

9

Thus, it does not appear that hostile jurors were impaneled and that the petitioner was entitled to a change of venue. Finally, the petitioner believes that the prosecution was allowed four extra peremptory challenges (Claim No. 2e). But the Tennessee Court of Criminal Appeals found that the prosecution was allowed only eight challenges as provided by law. Docket Entry No. 21; Addendum No. 16 at pg. 6. The prosecution, therefore, did not have an advantage in that respect.

Having independently reviewed the record, the undersigned finds that the state court judgment with respect to petitioner's fully exhausted claims was neither contrary to clearly established federal law nor did it involve an unreasonable application of federal law in light of the evidence. The state courts applied the proper legal analysis when addressing these claims and the petitioner has offered no clear and convincing evidence to refute the findings of fact made by the state courts. 28 U.S.C. § 2254(e)(1).

## R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned finds that the respondent's Motion to Dismiss has merit. Accordingly, it is respectfully RECOMMENDED that the respondent's Motion should be GRANTED and that this action be DISMISSED. Rule 8(b), Rules - - - § 2254 Cases.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of further appeal of this Recommendation. *See* Thomas v. Arn, 106 S.Ct. 466 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981); 28 U.S.C. § 636 (b)(1); Rule 72, Fed. R. Civ. P.

Respectfully submitted,

_____
E. Clifton Knowles
United States Magistrate Judge